UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-248-JBC

DAVID LEWIS HAMPTON                                                      PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on David Lewis Hampton's appeal of the Commissioner's denial of application for Disability Insurance Benefits ("DIB").  R. 6, 7.  The court will grant the Commissioner's motion and deny Hampton's motion because substantial evidence supports the administrative decision.

At the time of the alleged disability onset date, Hampton was a 50-year-old male.  AR 174, 203.  Prior to the onset of the alleged disability, Hampton obtained a GED and completed three years at Clear Creek Bible College.  AR 38.  He has relevant work as a janitor, retail sales clerk, and pastor.  AR 62, 63, 216.  Hampton alleged disability beginning on May 1, 2006, due to lower back pain, shortness of breath, poor circulation in his feet, diabetes, heart problems, numbness in his hands, and problems with his left knee.  AR 37, 48-52, 56, 174, 203.  Hampton filed his claim for DIB on July 22, 2008.  AR 87, 174-181.  The claim was initially denied on November 6, 2008, and upon reconsideration on January 30, 2008.  AR 89, 93.  After a hearing on July 2, 2010, Administrative

1

Law Judge ("ALJ") Robert C. King determined that Hampton was not under a disability within the meaning of the Social Security Act.  AR 16.  Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Hampton had not engaged in substantial gainful activity since May 1, 2006, the alleged onset date, AR 21; that he had severe impairments of chronic low back pain, left knee pain, diabetes mellitus with neuropathy, decreased grip strength bilaterally, tachycardia, fatty infiltration through the liver, obesity, borderline hypertension, emphysema, and gout, *Id.*; that his impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, AR 22; and that Hampton had the residual functional capacity ("RFC") to perform light work that involves no more than occasional climbing of ramps and stairs, stooping, kneeling, or crouching; no climbing of ladders, ropes, or scaffolds, crawling, work in extremes of cold, or concentrated exposure to vibration; and no more than frequent fingering bilaterally.  AR 22-26.  The ALJ relied on testimony from a vocational expert ("VE") to find that Hampton could perform his past relevant work as a retail sales clerk and a significant number of other jobs in the national economy.  AR 26-27.  The ALJ thus denied Hampton's claim for DIB on July 13, 2010.  AR 28.  The Appeals Council denied Hampton's request for review on July 6, 2011, AR 1, and he commenced this action.

     Hampton challenges the ALJ's ruling on the ground that the ALJ did not give appropriate weight to the opinion of Dr. Talmadge Hays, his treating physician, and did not give adequate reasons for rejecting that opinion.  A treating physician's

2

opinion receives controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in the case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. 404.1527(d)(2).  However, if an ALJ gives good reasons for doing so, he may reject the opinion of a treating physician when the opinion is not sufficiently supported by the medical evidence in the record.  *Id*.  The ALJ properly discredited Hays's opinion because it is inconsistent with diagnostic lab results, Hays's conservative treatment, Hampton's daily activities, and medical assessments in the record.

In May 2010, Dr. Hays completed a Statement of Ability to do Work-Related Activities in which he noted that Hampton would be limited to occasional carrying or lifting of ten to twenty pounds, sitting 30 to 45 minutes at a time during an eight-hour workday, standing ten minutes at a time during an eight-hour workday, walking fifteen minutes at a time during an eight-hour workday, occasional stooping, kneeling, crouching, reaching, handling, fingering, feeling, using his feet for foot controls, and no pushing or pulling, climbing of stairs, ramps, ladders or scaffolds, balancing or crawling.  AR 334-337.  According to Dr. Hays's report, Hampton is also unable to review a computer screen and should not work around unprotected heights, moving mechanical parts, or extreme cold and heat.  AR 337.

The ALJ properly found that evidence in the record did not support Hays's opinion regarding Hampton's functional limitations.  Although Hampton's impairments could reasonably cause the alleged symptoms, Hays's report and Hampton's testimony as to the intensity and persistence of those symptoms and

3

resulting limitations are inconsistent with objective medical evidence.  As noted by the ALJ, an x-ray of Hampton's lumbar spine in April 2005 revealed minimal degenerative spurring.  AR 23, 261.  A lumbar spine x-ray and x-ray of Hampton's left knee in May 2005 were normal.  AR 23, 258, 259.  A CT scan of his lumbar spine in December 2007 was normal.  AR 23, 248.  A CT scan of his abdomen showed fatty infiltration through the liver but was otherwise normal.  AR 252.  In November 2008, an x-ray of Hampton's left knee revealed no fractures or joint effusion.  AR 304.  In October 2009, an x-ray of the lumbosacral spine showed degenerative changes mainly involving the lower lumbar spine. AR 23, 331.  Nevertheless, only exercise was recommended.  A follow-up x-ray of his chest in October 2009 revealed no active infiltrate or significant interval changes since the 2005 chest x-ray.  AR 332.

An examination by Dr. Barry Burchett, as noted by the ALJ, also supports the diagnostic lab results.  At the time of Burchett's examination in October 2008, Hampton had a normal gait, negative straight leg raising, moderate difficulty performing tandem gait, and some difficulty with heel walking but no problems with toe walking.  AR 25, 209.  Hampton could also squat to approximately three-fourths of expected excursion, had no muscle spasms or atrophy, and had a normal range of motion in his finger joints.  *Id*.  Hampton also had a normal range of motion in his spine and demonstrated no motor abnormalities of the lower extremities.  AR 25, 290-91.

The ALJ provided "good reasons" for rejecting Dr. Hays's determination of disability within the meaning of 20 C.F.R. Sec 404.1527(d)(2).  The ALJ

4

acknowledged Dr. Hays's opinion that Hampton had become "progressively disabled" since May 2006. AR 26, 339. However, the ALJ properly discounted that opinion because determination of disability is reserved for the Commissioner. AR 26. *See* 20 C.F.R. § 404.1527(e)(2012); SSR 96-5p, 61 Fed. Reg 34, 471, 1996 WL 374183, *1 (1996); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004).

Dr. Hays's conservative treatment, as properly noted by the ALJ, provides further evidence undermining his opinion. *See* 20 C.F.R. § 404.1527(d)(2)(ii) (2011); *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001-02 (6th Cir. 2011); *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ observed that Hampton was not required to undergo or referred for surgical intervention, physical therapy, pain management, or treatment by a specialist. In fact, as the ALJ properly noted, Dr. Hays recommended only conservative care after performing a "disability physical" in May 2010. AR 26, 325-326.

The ALJ also properly noted that Hampton's daily activities are inconsistent with Dr. Hays's opinion. A claimant's level of daily activity is a factor the Commissioner may consider in determining the extent to which symptoms are disabling. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Blacha v. Commissioner of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993). Hampton reported that he is able to dress and bathe himself, prepare some meals, clean, take out the trash, wash dishes, dust if an object is not too high or low, vacuum, visit with his sons and grandchildren, read

5

the newspaper and books, drive (although he does not drive much), and visit his parents during their illness.  AR 25, 44-48.  The ALJ correctly noted that this testimony was consistent with Dr. Hays's note on November 8, 2007, that the claimant's medication helped.  AR 269.

The ALJ noted that in February 2006, Dr. Hays indicated that Hampton had an "invalid personality disorder" and in August 2008, described Hampton as an "invalid fellow-multi-focal" who lost the will to do anything.  AR 26, 308.  Hampton asserts that Dr. Hays's characterization of him was not a good reason for rejecting Hays's opinion.  R. 6.  However, the ALJ did not solely rely on Dr. Hays's statement regarding an "invalid" personality/fellow but merely considered it in conjunction with the other evidence of the record.

In finding that Hampton has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) with additional restrictions, the ALJ properly relied upon the VE's testimony to provide evidence in support of the conclusion that Hampton could perform his past relevant work as a retail sales clerk and was not disabled.  *See Foster v. Halter*, 279 F.3d 348, 356-57 (6th Cir. 2001); *Felisky v. Bowen*, 35 F.3d 1027, 1035-36 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also* 20 C.F.R. §§ 404.1529 (2012).

The ALJ properly applied the relevant legal standards and his decision is supported by substantial evidence.  Accordingly,

**IT IS ORDERED** that Hampton's motion, R. 6, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion, R. 7, is **GRANTED**.

The court will enter a separate judgment.

Signed on July 26, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7